# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTO ARTHUR CRUZ-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:14-CR-00201-LJO-BAM-1<br>1:15-CV-01216-LJO<br><br>ORDER DIRECTING THE GOVERNMENT TO RESPOND TO PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM |

Petitioner Fausto Arthur Cruz-Hernandez ("Petitioner"), a federal prisoner proceeding *pro se*, has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 27. Petitioner has alleged that his attorney Peggy Sasso ("Sasso") rendered ineffective assistance of counsel for failing to file a notice of appeal where he had "reasonably demonstrated to counsel that he was interested in appealing." Ct. R. at 24, 36-37 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). As Petitioner's motion is verified and signed under penalty of perjury, the allegations contained therein are entitled to evidentiary weight. *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) ("We must construe *pro se* habeas filings liberally … and may treat the allegations of a verified complaint or petition as an affidavit") (internal citations omitted).

Under Ninth Circuit precedent, an attorney's failure to heed a criminal defendant's instruction to file a notice of appeal amounts to ineffective assistance of counsel, even if the defendant has expressly waived his right to appeal. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2003). When such a claim is brought in a habeas petition, the Ninth Circuit has instructed as follows:

> [T]wo things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the [Government] does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

*Id.* at 1198-99. Several District courts in this situation have ordered a response from the Government before proceeding to the merits of their respective petitioner's claims. *See, e.g.*, *Mauga v. United States*, Criminal No. 12-00237-HG-01, Civil No. 15-00213-HG-KSC, 2015 WL 5768947 (D. Haw. Sept. 30, 2015); *United States v. Singletary*, No. 12-cr-0798 YGR, 2015 WL 4082868 (N.D. Cal. June 25, 2015); *Matta v. United States*, Nos. 11-cr-1100-LAB, 13cv0016-LAB, 2014 WL 4627212 (S.D. Cal. Sept. 15, 2014); *Schneider v. United States*, No. 1:10-cr-00361-LJO, 2012 WL 5522703 (E.D. Cal. Nov. 14, 2012).

In this case, the Government's opposition merely states that Sasso "was not ineffective for failing to file a notice of appeal," but does not address the merits of Petitioner's argument, nor does it contest the factual allegation that Sasso failed to file the requested notice of appeal. Doc. 29, at 2. Therefore, the Court **ORDERS** the Government to respond to Petitioner's argument, with relevant authority, as to: (1) whether it believes that an evidentiary hearing or any other evidentiary showing is necessary as to the limited issue of Sasso's alleged failure to the requested notice of appeal; and (2) whether it objects to the Court vacating and reentering the judgment to allow the appeal to proceed. Petitioner will be allowed the opportunity to reply.

//
//
//
//

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court **ORDERS** the Government to respond to Petitioner's allegation that his attorney rendered ineffective assistance of counsel for failing to file a notice of appeal. This response is due no later than twenty (20) days from the date this Order is filed. Should Petitioner wish to reply, he must do so no later than twenty (20) days after the Government's response is filed or forty (days) from the date this Order is filed (whichever is later).

IT IS SO ORDERED.

Dated:   **March 30, 2016**             /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE