**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>FAUSTO ARTHUR CRUZ-HERNANDEZ,<br><br>          Defendant. | Case No.  1:14-CR-00201-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br>(Doc. 54) |

Fausto Arthur Cruz-Hernandez seeks a reduction in his sentence based upon the Amendments to the United States Sentencing Guidelines, by noting that he received two "status points" for being on parole at the time he committed the crime at issue. Though it is apparent that under the Amendments Mr. Cruz-Hernandez is entitled to a one-point reduction in his criminal history points, this reduction will not impact his criminal history category. Consequently, because the sentence imposed would not change, his motion is **DENIED**.

**I.     ANALYSIS**

Mr. Cruz-Hernandez pleaded guilty to one count of bank robbery (18 U.S.C. § 2113(a)), bank fraud (18 U.S.C. § 1344). (Docs. 13, 14) At the sentencing hearing, the Court determined Mr. Cruz-Hernandez was a career offender, due to his prior conviction for two prior felonies constituting crimes of violence and because the current offense was a crime of violence. (Doc. 16 at 6) In addition, due to his numerous other convictions, the Court determined he had earned

1

12 criminal history points. *Id*. at 14. Because he was under a term of supervision at the time he committed the offenses at issue, the Court added two additional points to the total as indicated by former § 4A1.1(d) of the United States Sentencing Guidelines. *Id*. According to the Sentencing Table in USSG Chapter 5, Part A, these 14 criminal history points, placed him in a criminal history category VI. *Id*. Moreover, by virtue of being determined to be a career offender, he was determined, automatically, to be placed in criminal history category VI.  USSG §4B1.1(b).

    As noted by Mr. Cruz-Hernandez, § 4A1.1(e) of the United States Sentencing Guidelines has been amended to allow impose only one added status point for those who commit their crimes while under supervision if the defendant has at least seven criminal history points by that time. As noted above, Mr. Cruz-Hernandez's status as a career offender placed him Criminal History Category VI no matter how many criminal history points he had accumulated. Moreover, even were his criminal history points reduced to 13, this still results in a criminal history category VI, because this category applies in all cases where there are 13 criminal history points or more. Thus, even reducing his status points to a single point, would have no impact on his sentence. Thus, because the Amendment to § 4A1.1(e) provides him no relief, the motion to reduce his sentence (Doc. 54) is **DENIED**.

IT IS SO ORDERED.

    Dated:   **June 7, 2024**

                                                      UNITED STATES DISTRICT JUDGE